UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT GREENVILLE

| | |
|---|---|
| MICHAEL C. GRAY, | ) |
| Plaintiff, | ) ) ) |
| v. | ) No. 2:23-CV-00016-DCLC-CRW |
| SUPPLYONE TAMPA BAY, INC. et al., | ) ) ) |
| Defendants. | ) |

**MEMORANDUM OPINION AND ORDER**

This matter is before the Court Defendants UZ Partners, LLC and Lynnette Bell's Motion for Summary Judgment [Doc. 88] and Defendant SupplyOne Tampa Bay, Inc.'s Motion for Summary Judgment [Doc. 89]. For the reasons herein, the Court will grant in part and deny in part UZ Partners and Lynette Bell's motion and will deny SupplyOne's motion.

**I. Background**

In 2022, Plaintiff Michael C. Gray, a farmer in Limestone, Tennessee, suffered serious injuries when he opened a rear door on Defendant UZ Partners's tractor-trailer truck—which had arrived on his farm to deliver dozens of pallets of cabbage boxes that he had ordered from Defendant SupplyOne Tampa Bay, Inc., in Florida—and one of the pallets, weighing over 700 pounds, fell on him. He now brings suit in this Court against SupplyOne, a box manufacturer that had selected UZ Partners to ship the pallets, for negligence and negligent hiring, training, supervising, and retention of its agents and employees. [Second Am. Compl., Doc. 54, ¶¶ 75, 96]. He also brings suit against UZ Partners, a commercial trucking company, for negligence, negligence per se, and negligent hiring, training, supervising, and retention of its agents and employees, [*id.* ¶¶ 77, 78, 94], and against Ms. Bell, who was in UZ Partners's employment at

the time of Mr. Gray's injuries and was one of the drivers who drove the truck to Mr. Gray's farm, [UZ Partner's Undisputed Facts, Doc. 102, at 4], for negligence, [Second Am. Compl. ¶ 95].

The parties dispute who is at fault for Mr. Gray's injuries: Mr. Gray, for opening the door without first receiving permission or assistance from the truck drivers, *see* [Gray Dep., Doc. 88-2, 24:10–23; 120:16–23]; UZ Partners—vicariously through its employee Ms. Bell— for failing to properly secure the pallets to the truck, [UZ Partners's Req. for Admis., Doc. 98-1, at 4–5; Sarbello Dep., Doc. 98-8, 15:2–6; 36:18–25]; or SupplyOne, for failing to load the pallets onto the truck in a safe way, *see* [Sarbello Dep., Doc. 98-8, at 31:7–20 (testifying that SupplyOne had double-stacked the pallets); Bell Dep., Doc, 88-1, at 25:12–21 (testifying that SupplyOne had loaded the pallets in a way that blocked access to the racks inside the truck and that access to the racks was necessary to strap the pallets to the truck).[1] SupplyOne now moves for summary judgment on Mr. Gray's claim of negligence,[2] and UZ Partners and Ms. Bell now move for summary judgment on Mr. Gray's claims of negligence per se and negligence.[3] Mr. Gray opposes their motions. Having carefully considered the parties' arguments, the Court is now prepared to rule on them.

## II. Legal Standard

Summary judgment is proper when the movant shows, or "point[s] out to the district court," *Celotex Corp. v. Catrett*, 477 U.S. 317, 325 (1986), that the record—the admissions,

---

[1] Mr. Gray alleges: "In shipping the cargo, the Defendant SupplyOne Tampa Bay, Inc. f/k/a I.C. Industries, Inc., double-stacked the cargo at the rear of the tractor-trailer without satisfactory load securement and, by doing so, it breached the duty of care owed to the Plaintiff." [Second Am. Compl. ¶ 73].

[2] SupplyOne does not move for summary judgment on Mr. Gray's claims of negligent hiring, training, supervising, and retention of its agents and employees, so the Court will not address those claims.

[3] UZ Partners does not move for summary judgment on Mr. Gray's claims of negligent hiring, training, supervising, and retention of its agents and employees, so the Court will not address those claims.

2

Case 2:23-cv-00016-DCLC-CRW   Document 126   Filed 06/25/25   Page 2 of 12
PageID #: 2710

affidavits, answers to interrogatories, declarations, depositions, or other materials—is without a genuine issue of material fact and that the movant is entitled to judgment as a matter of law, Fed. R. Civ. P. 56(a), (c). The moving party has the initial burden of identifying the basis for summary judgment and the portions of the record that lack genuine issues of material fact. *Celotex*, 477 U.S. at 323. The movant discharges that burden by showing "an absence of evidence to support the nonmoving party's" claim or defense, *Celotex*, 477 U.S. at 325, at which point the nonmoving party, to survive summary judgment, must identify facts in the record that create a genuine issue of material fact, *id.* at 324.

Not any factual dispute will defeat a motion for summary judgment—the requirement is "that there be no *genuine* issue of *material* fact." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). A fact is "material" if it may affect the case's outcome under the applicable substantive law, *id.*, and an issue is "genuine" if the evidence is "such that a reasonable jury could return a verdict for the nonmoving party." *Id.* In short, the inquiry is whether the record contains evidence that "presents a sufficient disagreement to require submission to the jury or whether it is so one-sided that one party must prevail as a matter of law." *Id.* at 251–52. When ruling on a motion for summary judgment, a court must view the facts and draw all reasonable inferences in the light most favorable to the nonmoving party. *Scott v. Harris*, 550 U.S. 372, 378 (2007). "[T]he judge's function is not himself to weigh the evidence and determine the truth of the matter but to determine whether there is a genuine issue for trial." *Anderson*, 477 U.S. at 249.

### III. ANALYSIS

The legal contours of a common-law claim of negligence hardly need any introduction from the Court. A claim of negligence per se, on the other hand, is a more amorphous type of

3

negligence, allowing the Court "to mold standards of conduct in" statutes or regulations "into rules of civil liability," i.e., rules that "define a reasonably prudent person's standard of care." *Rains v. Bend of the River*, 124 S.W.3d 580, 589 (Tenn. Ct. App. 2003) (citations omitted). Mr. Gray seeks to impose a duty of care on UZ Partners under the Code of Federal Regulations—specifically the Federal Motor Carrier Safety Regulations ("FMCSR"), 49 C.F.R. §§ 392.9, 393.100. [Second Am. Compl. ¶¶ 46–50]. In these regulations, the Federal Motor Carrier Safety Administration has promulgated various requirements relating to the operation and inspection of commercial motor vehicles.

### A. UZ Partners and Ms. Bell

In pursuing summary judgment, UZ Partners and Ms. Bell maintain that the FMCSR does "not entitle the Plaintiff to a private right of action" and that it therefore cannot support a claim for negligence per se. [UZ Partners & Bell Mot. for Summ. J. at 20]. UZ Partners and Ms. Bell are correct that a federal regulation like the FMCSR does not create a private right of action. *See Alexander v. Sandoval*, 532 U.S. 275, 291 (2001) ("[I]t is most certainly incorrect to say that language in a regulation can conjure up a private cause of action that has not been authorized by Congress. Agencies may play the sorcerer's apprentice but not the sorcerer himself."); *Smith v. Dearborn Fin. Servs., Inc.*, 982 F.2d 976, 979 (6th Cir. 1993) ("[F]ederal regulations cannot themselves create a cause of action; that is a function of the legislature." (citation omitted)); *see also Harris v. FedEx Nat'l LTL, Inc.*, 760 F.3d 780, 784 n.2 (8th Cir. 2014) ("We doubt there is a federal private right of action for a violation of the FMCSR." (citation omitted)); *Tassin v. BNK Transp. Inc.*, No. 3:19-CV-00064-JHM, 2019 WL 2271163, at *2 (W.D. Ky. May 28, 2019) ("As has been established in the Sixth Circuit, FMCSR does not create a federal private right of action." (citations omitted)).

4

But does the absence of a private right of action in the FMCSR necessarily mean that it cannot support a claim of negligence per se? UZ Partners and Ms. Bell say yes, citing to *Steinberg v. Luedtke Trucking, Inc.*, No. 4:17-CV-9, 2018 WL 3233341 (E.D. Tenn. July 2, 2018), and Mr. Gray says no, citing to *Nelson v. Werner Enterprises, Inc.*, 692 F. Supp. 3d 821 (E.D. Tenn. 2023). In *Steinberg*, this Court dismissed the plaintiff's claim of negligence per se, which the plaintiff had tethered to the FMCSR, because "the absence of [a private right of action in the FMCSR] renders it incapable of operating as a platform for [the plaintiff's] claim for negligence per se." 2018 WL 3233341 at *4. But in *Nelson*, this Court stated that "[t]he fact that the FMCSR does not contain a private cause of action does not preclude Plaintiff from using the FMCSR to attempt to establish an applicable standard of care" because "negligence per se is a type of common-law negligence claim that permits the use of a specific legislatively-created standard of care in place of the common-law reasonable-person standard." 692 F. Supp. 3d at 827 (citation omitted). Neither *Steinberg* nor *Nelson* is binding on the Court. *See Camreta v. Greene*, 563 U.S. 692, 730 n.7 (2011) ("A decision of a federal district court judge is not binding precedent in either a different judicial district, the *same* judicial district, or even upon the same judge in a different case." (emphasis added) (quotation omitted)).

When a statute or regulation is not a source of a private right of action, the answer to whether it can support a claim of negligence per se varies by jurisdiction. *See Rains*, 124 S.W.3d at 589 ("The negligence per se doctrine['s] . . . governing principles and their application vary considerably from jurisdiction to jurisdiction." (footnotes omitted)); *compare, e.g.*, *Pantages v. Cardinal Health 200, Inc.*, No. 5:08–cv–116–Oc–10GRJ, 2009 WL 2244539, at *2 (M.D. Fla. July 27, 2009) ("Under Florida law the violation of a federal regulation does not create civil liability based upon a theory of negligence *per se* in the absence of evidence 'of a legislative

5

Case 2:23-cv-00016-DCLC-CRW    Document 126    Filed 06/25/25    Page 5 of 12
PageID #: 2713

intent to create a private cause of action.'" (footnote and quotation omitted)), *with Bans Pasta, LLC v. Mirko Franchising, LLC*, No. 7:13–cv–00360–JCT, 2014 WL 637762, at *12 (W.D. Va. Feb. 12, 2014) ("Georgia (and Virginia) law expressly allow negligence per se claims to be premised on statutes and regulations that do not give rise to a private cause of action." (citations omitted)).

In Tennessee, whether a statute or regulation authorizes a private right of action is "analytically related" to whether a claim of negligence per se can arise from that statute or regulation, *Rains*, 124 S.W.3d at 589 n.5 (citation omitted), and under this analysis, Tennessee courts have declined to permit parties to import a claim of negligence per se from a statute or regulation that does not contain a private right of action, *see Hudson v. Town of Jasper*, No. M2013–00620–COA–R9–CV, 2013 WL 5762224, at *1 (Tenn. Ct. App. Oct. 22, 2013) (dismissing the plaintiff's claim of negligence per se because "there is no express language creating a private right of action in the statute" and "the legislature did not intend to create a private right of action by implication"); *Thomas & Assocs., Inc., v. Metro. Gov't of Nashville*, No. M2001-00757-COA-R3-CV, 2003 WL 21302974, at *10 (Tenn. Ct. App. June 6, 2003) (dismissing the plaintiff's claim of negligence per se because "[n]othing in the . . . statutes expressly grants . . . a private right of action for negligence per se" (citing *Premium Fin. Corp. of Am. v. Crumps Ins. Servs. of Memphis, Inc.*, 978 S.W.2d 91, 94 (Tenn. 1998); *Reed v. Alamo Rent-a-Car, Inc.*, 4 S.W.3d 667, 690 (Tenn. Ct. App. 1999))); *see also In re Tenn. Valley Auth. Ash Spill Litig.*, Nos. 3:09–CV–009 et al., 2012 WL 3647704, at *58–61 (E.D. Tenn. Aug. 23, 2012) (relying on Tennessee law to dismiss the plaintiffs' claims of negligence per se, which the plaintiffs brought under Tennessee environmental statutes, because those statutes did not provide them with a private right of action). So, because the FMCSR does not entitle Mr. Gray

6

to a private right of action, the FMCSR cannot support his claim of negligence per se, and UZ Partners is therefore entitled to summary judgment on this claim.

UZ Partners and Ms. Bell go on to argue that Mr. Gray's claim of negligence fares no better because Mr. Gray "intentional[ly] interfere[d] with the truck and the contents therein" and was therefore, "under [a] theory of trespass to chattels," a trespasser to whom they owed no duty of care. [UZ Partners & Bell Mot. for Summ. J. at 12]. A trespass to chattel or personal property occurs "where there is an intentional use or interference with personal property that is in the possession of another without justification," *State Farm Mut. Auto Ins. Co. v. Dunlap*, No. 3:13–CV–23–HBG, 2014 WL 3052055, at *6 (E.D. Tenn. July 3, 2014) (citation omitted), and the only duty that a property owner must extend to a trespasser is to refrain from willfully or wantonly injuring him, *Ray v. Hutchinson*, 68 S.W.2d 948, 953 (Tenn. 1933).

Mr. Gray maintains that, "under the facts of this case, [he] cannot be characterized as a trespasser to real property," [Gray Resp., Doc. 95, at 11], whereas UZ Partners and Ms. Bell insist that "it is apparent" that Mr. Gray was a trespasser under the facts, [UZ Partners & Bell Mot. for Summ. J. at 13]. The relevant facts, as Mr. Gray testified to them, are as follows:

> I was sitting on the tractor looking at [the truck drivers] . . . for probably three to five minutes and they never got out of the truck or never come back to open the door or anything. And I sat there and kept waiting and waiting and they never bothered to get out of the truck or nothing. So I assumed they wasn't going to come and open the doors for the load to be unloaded and I motioned for them that I was going back to the back of the trailer and I started walking back to the back of the trailer and they never did get out of the truck.
>
> And I opened it up and when I opened one door, when I made my turn to open the other door is when the load fell out on me and took me to the ground.

[Gray Dep., Doc. 89-4, at 24:10–23]. The Court declines to intrude on the jury's province by weighing the evidence and deciding whether Mr. Gray, under these specific facts, was or was not a trespasser. *Cf. Burgess v. Tie Co. 1, LLC*, 44 S.W.3d 922, 924 (Tenn. Ct. App. 2000)

7

("Whether an owner has exercised the required degree of care to its invitees is a question of fact for the jury." (citation omitted)). The Court must reserve that decision for a jury, and UZ Partners and Ms. Bell are therefore not entitled to summary judgment on Mr. Gray's negligence claim.

### B. SupplyOne

Like UZ Partners and Ms. Bell, SupplyOne claims it is entitled to summary judgment on Mr. Gray's negligence claim because it did not owe him a duty of care. [Supply One Mem. at 7–9]. Specifically, SupplyOne argues that it was "not responsible for securing loads inside a truck driver's trailer, as it is within the truck driver's responsibilities at that point." [*Id.* at 8]. As Mr. Gray correctly points out, however, a shipper like SupplyOne, when it "assumes the responsibility of loading" as it did in this case, [Sarbello Dep., Doc. 89-2, at 15:20–25], has a legal duty to prevent or correct "defects that [1] are latent and concealed and [2] cannot be discerned by ordinary observation by the agents of the carrier; but if the improper loading is apparent, the carrier will be liable notwithstanding the negligence of the shipper." *United States v. Savage Truck Line, Inc.*, 209 F.2d 442, 445 (4th Cir. 1953); *see Pierce v. Cub Cadet Corp.*, No. 87–5936, 1989 WL 47446, at *4 (6th Cir. May 9, 1989) ("Only if and when a shipper assumes the responsibility for loading its property on a motor vehicle, does it have the duty to exercise reasonable care to see that the load is properly secured.").

"Tennessee courts have cited the *Savage* case with approval when discussing liability for damages *to goods* being shipped," *Kirby v. Diversified Fabrications, Inc.*, No. 1:08-cv-83, 2008 WL 11342535, at *6 (E.D. Tenn. July 2, 2008) (emphasis added) (citing *Wayne Knitting*

8

*Mills v. Delta Motor Lines*, 372 S.W.2d 419, 424 (Tenn. Ct. App. 1963)),[4] but the Sixth Circuit has affirmed district courts' application of *Savage* in the personal-injury context, *Pierce*, 1989 WL 47446 at *1–2, *4, *5; *Lambert v. United States*, 438 F.2d 1249, 1250, 1252 (6th Cir. 1971). Other courts have also applied *Savage* in personal-injury suits like Mr. Gray's. *See, e.g.*, *Zwolak v. Phoenix Steel Serv., Inc.*, No. 12-CV-00910F, 2015 WL 5971128, at *7 (W.D.N.Y. Oct. 14, 2015) (stating that "under both New York law . . . and federal law, as stated in *Savage*, [a] carrier can be held liable for an obvious or apparent defect in loading" in a personal-injury case). Under *Savage*, "[t]he question of who bears the burden of ensuring adequate securement of the load depends," ultimately, "on whether the defect in securement, if any, was latent or patent." *Big G Express, Inc. v. Leviton Mfg. Co.*, No. 3:08-cv-0318, 2009 WL 690814, at *2 (M.D. Tenn. Mar. 10, 2009) (citing *Savage*, 209 F.2d at 445). A corollary of *Savage* is that a shipper does not have a duty "to prevent or correct any open or obvious loading defect." *Vargo-Schaper v. Weyerhaeuser Co.*, 619 F.3d 845, 849 (8th Cir. 2010).

The record establishes—beyond any genuine issue of material fact—that the double-stacked pallets and obstructed racks were open and obvious to Mark Sarbello, [Sarbello Dep., Doc. 98-8, at 31:7–23; 34:13–25; 35:1; 36:21–25; 40:4–5]—who is SupplyOne's shipping manager and was on the loading dock on the day the pallets were loaded—and to Ms. Bell, [Bell Dep., Doc. 88-1, at 24:24–25; 25:12–21]. But the fact that SupplyOne had loaded the truck in a way that made the double-stacking of the pallets and the obstruction of the racks open and obvious does not necessarily mean that a *defect* in this way of loading was open and obvious. *See Franklin Stainless Corp. v. Marlo Transp. Corp.*, 748 F.2d 865, 868 (4th Cir.

---

[4] In *Herring v. Coca-Cola Enterprises*, No. E2007-01295-COA-R3-CV, 2008 WL 787871 (Tenn. Ct. App. Mar. 26, 2008), the Tennessee Court of Appeals relied on *Savage* in a personal-injury suit but did so while applying Georgia law, not Tennessee law. *Id.* at *7.

9

1984) ("[The shipper's] loading of the heavy steel coils flat on pallets down the center of the trucks without strapping or chocking was, of course, open and obvious to the trucker. It does not follow, however, that the defect in this manner of loading was open and obvious."); *Yoos v. Better Life Tech., LLC*, No. 1:09–CV–0660 (LEK/DRH), 2012 WL 177867, at *5 (N.D.N.Y. Jan. 23, 2012) ("While [the] parties do not dispute that the cargo in Plaintiff's cargo container had not been secured by means of straps or bars or other restraints, the question of whether the lack of restraints was a patent or latent defect remains open.").

Evidence in the record, in fact, shows that any defect that might have accompanied SupplyOne's method of loading—double-stacking the pallets and blocking the racks—was not open and obvious either to Mr. Sarbello or Ms. Bell. Mr. Sarbello, for example, acknowledged that SupplyOne always double-stacks pallets when loading them in a truck, and although he witnessed UZ Partners's truck pull away from the dock without their drivers having secured the pallets, he testified that truck drivers commonly secure their loads after they have pulled away from the dock. [Sarbello Dep., Doc. 88-1, at 37:4–5; 40:7–13]. And Ms. Bell testified that the load did not present her with any concerns:

> The way they loaded this particular load all the way to the door with the pallet at the very edge of the vehicle . . . . this is what a lot of trucks look like as far as I've seen. I've seen loads that look like this and—you know. This one wasn't so—so concerning for me, you know.

[Bell Dep., Doc. 89-3, at 25:12–14; 98:2–5]. Ms. Bell's testimony is also evidence that a defect in SupplyOne's method of loading "cannot be discerned by ordinary observation by the agents of the carrier," the second element of the *Savage* inquiry. *Savage*, 209 F.2d at 445.

In sum, sufficient evidence exists from which a reasonable jury could conclude that any defect in SupplyOne's method of loading was (1) latent—i.e., not open and obvious—and (2) not discernable by ordinary observation by Ms. Bell, an employee of the carrier UZ Partners.

10

A genuine issue of material fact therefore exists as to whether SupplyOne owed Mr. Gray a duty of care and as to whether it breached that duty.

Lastly, SupplyOne raises various arguments under which it urges the Court to conclude that it was neither the cause nor proximate cause of Mr. Gray's injuries, and to apportion at least fifty percent of fault to Mr. Gray for his injuries. [Supply One Mem. at 9–14].[5] With these arguments, SupplyOne leads the Court into a veritable warren of factual inquiries, and in doing so, it ushers the Court precariously close to the jury's bailiwick by inviting it to weigh the evidence—an invitation that the Court, on this record, must decline. *See Green v. Roberts*, 398 S.W.3d 172, 178 (Tenn. Ct. App. 2012) (recognizing that the issue of comparative fault is for the jury unless the jury could "only conclude" that the plaintiff's fault equals or exceeds the defendant's fault); *McClenahan v. Cooley*, 806 S.W.2d 767, 775 (Tenn. 1991) (observing that proximate cause is "a jury question unless the uncontroverted facts and inferences to be drawn from them make it so clear that all reasonable persons must agree on the proper outcome" (citations omitted)). A jury must decide causation and mete out fault under Tennessee's modified comparative fault system, just as it must decide whether SupplyOne owed Mr. Gray a duty of care and breached that duty. SupplyOne is therefore not entitled to summary judgment on Mr. Gray's negligence claim.

## IV.  CONCLUSION

As the movant for summary judgment, UZ Partners meets its burden of showing that it is entitled to summary judgment on Mr. Gray's claim of negligence per se, but UZ Partners, Ms.

---

[5] As the parties are well aware, under Tennessee's modified comparative fault system, a defendant, even when negligent in causing an injury to a plaintiff, is not liable for damages unless he is more than fifty percent at fault for the injury. *McIntyre v. Balentine*, 833 S.W.2d 52, 57 (Tenn. 1992).

11

Bell, and SupplyOne fail to show that they are entitled to summary judgment on Mr. Gray's negligence claims. The Court therefore **ORDERS** as follows:

1. To the extent that UZ Partners moves for summary judgment on Mr. Gray's claim of negligence per se, its motion [Doc. 88] is **GRANTED**;

2. Mr. Gray's claim of negligence per se is hereby **DISMISSED**;

3. To the extent that UZ Partners and Ms. Bell move for summary judgment on Mr. Gray's claim of negligence, their motion [Doc. 88] is **DENIED**;

4. To the extent that SupplyOne moves for summary judgment on Mr. Gray's claim of negligence, its motion [Doc. 89] is **DENIED**; and

5. The trial date remains set for **Tuesday, August 5, 2025, at 9:00 a.m.**

**SO ORDERED:**

s/ Clifton L. Corker
United States District Judge